IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MERCY OLUMOYA

    Plaintiff

v.                                    Civil No. **PJM 08-1769**

PRINCE GEORGE'S COUNTY
PUBLIC SCHOOLS

    Defendant

## MEMORANDUM OPINION

Mercy Olumoya, proceeding *pro se*, has sued Prince George's County Public Schools ("PGCPS"), alleging that the County failed to promote her because of her race and age in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination and Employment Act ("ADEA"). Olumoya also alleges retaliation by PGCPS after she made a complaint to the Equal Employment Opportunity Commission ("EEOC").

PGCPS has filed a Motion for Summary Judgment [Paper No. 22], asserting that Olumoya's claims before June 16, 2006 are time barred and that it had a legitimate non-discriminatory reason for not promoting her in subsequent years. Additionally, PGCPS argues that there is no evidence of retaliation.

For the following reasons, Defendant's Motion for Summary Judgment [Paper No. 22] is **GRANTED**.

### I.

Olumoya, a U.S. citizen of Nigerian descent, has been employed as a teacher in the Prince George's County Public School System since 2002. She is currently employed as a special education teacher at Laurel High School in Laurel, Maryland.

In 2004, Olumoya applied for Assistant Principal positions for the upcoming school year. However, she did not receive a passing score on her Assistant Principal Screening Panel Interview. She alleges that she did not receive a passing score because an unidentified interviewer, among a panel of five or ten interviewers, asked her to repeat herself which, she argues, decreased her panel rating score. She alleges that this action constituted discrimination against her based on her national origin.

Olumoya retook the examination in 2005, and received a passing score during the Panel Interview. However, she was denied a promotion in subsequent school years, which she alleges was also because of her national origin. Specifically, she alleges that, of the people promoted during the 2005-2006 school year, she was better qualified and more knowledgeable and that she was passed over for a promotion due solely to her national origin.

PGCPS argues that, although Olumoya received a passing score in 2005, she was in the bottom 40% of the scores of the candidates and that other candidates who were promoted had higher scores and other qualifications. PGCPS submits that the comparators Olumoya names who were placed in Assistant Principal positions were all better qualified for a promotion because they had received a higher score on their Panel Interview, and more positive feedback from parents and fellow teachers, or had previous Vice or Assistant Principal experience.

Olumoya retained counsel, and timely filed a charge with the EEOC. The EEOC investigated the charge, and found reasonable cause to believe that the allegations of race and age discrimination were true. The EEOC then attempted to achieve through conciliation a voluntary resolution of the charge, and, when resolution was ultimately unsuccessful, sent Olumoya a right to sue letter.

Olumoya alleges that she was subsequently retaliated against for her discrimination

complaint and her union activities. While she concedes she has never participated in union activities, she alleges that she was retaliated against for making a report to the EEOC. PGCPS argues that there is no documentation of retaliation or discrimination after Olumoya made her complaint and that she iremaines employed by the school system.

In her Complaint before the Court, alleging that she was discriminated against in her 2004-2005 Panel Interview and that the discrimination continued in subsequent years because she was never promoted to an Assistant Principal position. Additionally she argues that she was retaliated against for filing a complaint with the EEOC and for her union activities. PGCPS moved for Summary Judgment, which the Court granted because Olumoya did not respond to the Motion and failed to respond to PGCPS's Requests for Admissions within 30 days pursuant to Federal Rule of Civil Procedure 36(a)(3). Subsequently, Olumoya, *pro se*, filed a Motion to Vacate the Court's Order, arguing that her previously retained counsel failed to apprise her of the status of her case and that it was due to her counsel's failure to respond that the case was closed. The Court granted the Motion to Vacate and directed Olumoya to respond to PGCPS's pending Motion, which she has done.

## II.

A movant is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To withstand summary judgment, the nonmoving party must prove that there is a "genuine issue of material fact," *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but only after the moving party satisfies its burden of producing evidence establishing that no such issue exists. *Celotex*, 477 U.S. at 322. The "mere existence of a scintilla of evidence" will not be

sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The court must view the facts and all inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 586. Although *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Allen v. Brodie*, 573 F. Supp. 87, 89 (D. Md. 1983) (*quoting Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), they "must still set forth facts sufficient to withstand summary judgment." *Symeonidis v. Paxton Capital Group, Inc.*, 220 F. Supp. 2d 478, 480 n.4 (D. Md. 2002).

### A.

Olumoya first claims that she was discriminated against during her 2004-2005 Panel Interview. This claim, however, is time-barred because in order to maintain an action under Title VII of the Civil Rights Act of 1964 for race or national origin discrimination or under the ADEA, a plaintiff must file an administrative charge with the EEOC within 180 days of the alleged misconduct. In a deferral state such as Maryland, a plaintiff is given an additional 120 days to file. 42 U.S.C. § 2000e-5(e)(1); 26 U.S.C. § 26(d)(2); *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). In a failure to promote case, each alleged improper failure to promote is a "discrete act" and can only be litigated pursuant to a charge filed within the appropriate time period. *Nat' R.R. Passenger Corp. v. Morgan, Jr.*, 536 U.S. 101, 113-14 (2002). This is true even if time-barred allegations are "related to acts alleged in timely filed charges." *Id.* at 113.

Olumoya filed her complaint with the EEOC on April 12, 2007, which is over 300 days after the alleged misconduct that occurred during the 2004-2005 Panel Interview. Even though she alleges that PGCP's subsequent failures to promote her stem from the 2004-2005 Panel Interview, the alleged discrimination that occurred during the 2004-2005 Panel Interview is a singular discrete

act. Accordingly, Olumoya's claims regarding the unnamed interviewer who allegedly discriminated against her during her 2004-2005 Assistant Principal Screening Panel Interview are time-barred.

**B.**

Olumoya next alleges discrimination due to PGCPS's failure to promote her in subsequent years after she received a passing score in her 2005-2006 Panel Interview. The Court analyses these claims under the familiar burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green* 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff must first establish by a preponderance of evidence a *prima facie* case of discrimination. Once a *prima facie* case is demonstrated, the burden of production shifts to the defendant to present a legitimate, non-discriminatory reason for the alleged adverse employment action. *See Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000) (citing *Tex. Dept. of Cmty. Affairs v. Burdine* 450 U.S. 248, 253 (1981)). If the defendant is able to meet this burden, the burden shifts back to the plaintiff, "to prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." *Burdine*, 450 U.S. at 253.

Here, Olumoya makes a *prima facie* case of discrimination based on her national origin for PGCPS' failure to promote her after she passed the 2005-2006 Assistant Principal Screening Panel interview because: (1) she is a member of a protected class; (2) PGCPS had an open position for which she applied or sought to apply; (3) she was qualified for the position, and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253). But PGCPS argues that it had a legitimate non-discriminatory reason for not promoting

5

Olumoya, i.e. that she was not the most qualified candidate for the open Assistant Principal positions during the time periods at issue. The Fourth Circuit has held that "when a plaintiff asserts job qualifications that are similar or only slightly superior to those of the person eventually selected, the promotion decision remains vested in the sound business judgment of the employer." *Heiko v. Colombo Savings Bank*, 434 F.3d 249, 261 (4th Cir. 2006). The plaintiff must show she is "demonstrably superior" to the other selected candidates. *Id.*

Here, Olumoya does not designate comparators for some of the years in question, and many of the comparators she does designate are not valid. For the years Olumoya gives valid comparators, she has not shown that she was demonstrably superior to them. For example, she cites Patricia Cox as a valid comparator for the 2005-2006 school year. Cox, however, a Pre-Algebra/Mathematics co-teacher, received a higher screening panel interview rating than Olumoya. Another comparator cited by Olumoya, Rhonda Smiley, received glowing recommendations from parents and administrators. Olumoya, on the other hand, did not enjoy an unblemished record and had received unfavorable feedback from parents and teachers because of her frequent absences from the classroom, which made her a less desirable candidate.

In sum, Olumoya has not provided evidence that she is demonstrably superior to selected candidates. Because of this, she cannot possibly show by a preponderance of evidence that PGCPS's legitimate non-discriminatory reason for not promoting her, i.e. that she was not the most qualified candidate, was pretextual. *See Heiko*, 434 F.3d at 261.

### C.

Olumoya claims that she was retaliated against because she complained to the EEOC. To establish a *prima facie* claim of retaliation, Olumoya must produce evidence from which a

reasonable trier of fact could find that: (1) she engaged in a protected activity; (2) PGCPS took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. *Honor v. Booz-Allen & Hamilton*, Inc., 383 F.3d 180, 188 (4th Cir. 2004) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)).

Here, Olumoya admits she did not engage in union activities. She did, however, make a complaint to the EEOC in April 2007. However, there is no indication in the Complaint or otherwise in the record that PGCPS took an adverse employment action against her. Olumoya continues to be employed by PGCPS as a special education teacher at Laurel High School, and has faced no disciplinary actions, reprimands, or suspensions. Finally, she has identified no incidents wherein she was denied a promotion as retaliation for complaining about discrimination since or on earlier occasions.

## IV.

For the foregoing reasons, Defendant's Motion for Summary Judgment [Paper No. 22] is **GRANTED**.

A separate Order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 2, 2010